UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CESAR OROZCO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-170-JWD-SDJ** |
| **NORTHLAND INSURANCE COMPANY, et al.** | |

# ORDER

Before the Court is Defendant Northland Insurance Company's Motion to Compel Discovery (R. Doc. 6) filed on August 16, 2021. The deadline for filing a response has not expired. *See* LR 7(f) (21 days). Nonetheless, the Court rules now as the Motion to Compel is legally deficient and must be **DENIED**.

Plaintiff originally filed this action in state court, serving Defendant on February 26, 2021 (R. Doc. 1 at 2). Following service, Defendant propounded discovery to Plaintiff on March 9, 2021. (R. Doc. 6-4 at 1). On March 23, 2021, before responses to the state-court discovery requests were due, Defendant removed this action to federal court. (R. Doc. 1). According to the Motion to Compel, Plaintiff has still not responded to the discovery requests propounded on March 9, 2021, while this action was pending in state court. (R. Doc. 6 at 1).

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1). In federal court, discovery generally cannot commence until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Where discovery issued in state court has not been ruled on in state court prior to removal, Rule 26(f) and Rule 26(d) preclude that discovery from having any effect in federal court. *See Int'l Transp. Workers Fed'n v.*

*Mi-Das Line SA*, 2013 WL 1403329, at *4 n. 3 (E.D. La. Apr. 4, 2013); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal.").

The discovery requests at issue were served prior to removal in state court pursuant to the Louisiana Code of Civil Procedure. They were not served in conformity with Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.

Interrogatories and Requests for Admission cannot be served under the Federal Rules of Civil Procedure until after the parties have engaged in a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d). Furthermore, Defendant has raised no argument in support of a finding that the requests for production served under state procedural laws qualify as "Early Rule 34 Requests" pursuant to Rule 26(d)(2). Indeed, Rule 34(b)(A) contemplates the time to respond to requests "delivered under Rule 26(d)(2)." And Requests for Production cannot be "delivered under" the Federal Rules of Civil Procedure when the matter is not even in federal court.

And so, the Court will not order Plaintiff to respond to these discovery requests, which were served while this action was pending in state court prior to removal. For the reasons given above,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery (R. Doc. 6) is **DENIED**. The parties will each bear their own costs.

Signed in Baton Rouge, Louisiana, on August 23, 2021.

_____
 **SCOTT D. JOHNSON**
 **UNITED STATES MAGISTRATE JUDGE**